# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Ivan Madrid-Leiva,<br>　　　　　Petitioner,<br>v.<br>Fred Figueroa, *et al.*,<br>　　　　　Respondents. | No. CV-25-04610-PHX-JJT (ASB)<br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which presents the recurring issue of whether a particular person who entered without inspection nearly twenty years ago is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Doc. 1.) On December 11, 2025, the Court Ordered Respondents to show cause ("the OSC") why the Petition should not be granted. (Doc. 5.) Respondents filed their Response to the OSC. (Doc. 7.) For the reasons below, the Petition is granted in part and denied as moot in part, and Respondents must release Petitioner on the alternative $4,500 bond.

**I.　Background**

Petitioner is a native and citizen of Honduras who entered the United States in 2007 without inspection and has continuously resided in the United States since then. (Doc. 1 ¶ 24.) On September 29, 2025, Petitioner was apprehended in Los Angeles at his long-time job by immigration authorities, and detained. (*Id.* ¶ 26.) Petitioner is now in removal proceedings pursuant to 8 U.S.C. § 1229(a) and charged with being inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without

inspection. (*Id.* ¶ 28.) The Department of Homeland Security (DHS) filed Form I-213, Record of Deportable/Inadmissible Alien charging Petitioner as an alien present without admission or parole under INA 212(a)(6(A)(i). (*Id.* ¶ 5.)

      A July 8, 2025 policy guidance memorandum issued by ICE announced that DHS had revisited the government's legal position on detention and release authorities. Under this "revisited" legal position, noncitizens present without admission are now subject to mandatory detention under 8 U.S.C. § 1225(b), rather than discretionary detention under 8 U.S.C. § 1226(a), because, under 8 U.S.C. § 1225(a)(1), they are deemed applicants for admission. The memo led to a Board of Immigration Appeals decision in *In re Hurtado*, 29 I&N 216 (B.I.A. 2025), adopting the memo's analysis and determining noncitizens present without admission are subject to mandatory detention under 8 U.S.C. § 1225(b).

      On November 10, 2025, an Immigration Judge (IJ) found that Petitioner was not a danger to the community because he had no criminal history, that he was not a flight risk, and that he had provided evidence of an eligible sponsor. (*Id.* ¶ 7, Doc. 4 Exh. A.) The IJ stated that if not for the lack of jurisdiction under *Hurtado*, the IJ would have granted Petitioner release on $4,500 bond. (Docs. 1 ¶ 8; 4 Exh. A.) Petitioner filed his Petition arguing his classification as an applicant for admission subject to mandatory detention violates the language of 8 U.S.C. § 1225(b)(2)(A), the regulations for bond proceedings, his due process rights, and the Administrative Procedures Act. Petitioner requests release from custody.

      In the OSC, this Court noted that a district court in the Central District of California recently certified a class that may include Petitioner. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). That court had issued an earlier decision—consistent with other district courts, including this Court— concluding individuals in Petitioner's position (those who entered the United States nearly two decades ago) are not subject to mandatory detention. *Bautista v. Santacruz*, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025); *Capote v. Secretary of U.S. Dep't of Homeland Sec.*, No. 25-13128, 2025 WL 3089756, *5 nn.3-4 (E.D. Mich. 2025) (noting that "[o]nly

two of at least 36 district courts to have addressed this issue have held that § 1225(b)(2) applies to those in the same circumstances as Petitioner" and canvassing the relevant cases). This Court ordered Respondents to show cause why the Petition should not be granted, and Petitioner ordered released on the alternative $4,500 bond and address whether Petitioner is a class member under *Bautista*, 2025 WL 3288403, at *1, and if so, explain whether Respondents are obligated to provide him a bond hearing based on the *Bautista* orders or if an additional order from this Court is required to entitle Petitioner to a bond hearing. (Doc. 5.)

**II.     Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226**

Regarding *Bautista*, Respondents argue Petitioner's claim in this action should be dismissed or stayed under the first-in-time rule because his claim is already being litigated in that class action, and because *Bautista* has not to date ordered any class-wide relief. (Doc. 7 at 1.) But Respondents acknowledge the first-in-time rule is permissive, not mandatory, and because no relief has been definitively ordered in *Bautista*, the Court finds the interests of justice do not support a stay or dismissal. The Court will proceed to the merits of Petitioner's claim.

As to the merits, nothing in Respondents' brief persuades the Court that the preliminary conclusion in the OSC is mistaken. *See also Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. Nov. 12, 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along with a growing number of others, including this Court, have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up). The Petition is granted as to Count One and is otherwise denied without prejudice as moot. Respondents release Petitioner from custody on the bond of $4,500.00.

1  **IT IS THEREFORE ORDERED:**

2    1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as to Count One**. The remainder of the Petition is denied without prejudice as moot.

    2. Respondents must release Petitioner from custody on a $4,500 bond.

    3. Respondents must provide a notice of compliance within **two days** of releasing Petitioner.

    4. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 18th day of December, 2025.

                              Honorable John J. Tuchi
                              United States District Judge